IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Jason Saunders,

    Plaintiff,                         2:98-cv-02321-GEB-PAN-P

    vs.

Cal A. Terhune, et al.,

    Defendants.                       ORDER

        On February 26, 2003, this action was dismissed and judgment was entered April 14, 2003.[1]  On November 2, 2005, plaintiff filed a request for reconsideration.

### Standards For Motions To Reconsider

        Although motions to reconsider are directed to the sound discretion of the court, <u>Frito-Lay of Puerto Rico, Inc. v. Canas</u>, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981), considerations of judicial economy weigh heavily in the process.  Thus Local Rule 78-230(k) requires that a party seeking reconsideration of a

---

[1] The court notes that the dismissal of this action was without prejudice.

1

district court's order must brief the "new or different facts or circumstances [which] were not shown upon such prior motion, or what other grounds exist for the motion."  The rule derives from the "law of the case" doctrine which provides that the decisions on legal issues made in a case "should be followed unless there is substantially different evidence . . . new controlling authority, or the prior decision was clearly erroneous and would result in injustice."  <u>Handi Investment Co. v. Mobil Oil Corp.</u>, 653 F.2d 391, 392 (9th Cir. 1981); <u>see also</u> <u>Waggoner v. Dallaire</u>, 767 F.2d 589, 593 (9th Cir. 1985), <u>cert. denied</u>, 475 U.S. 1064 (1986).

Courts construing Federal Rule of Civil Procedure 59(e), providing for the alteration or amendment of a judgment, have noted that a motion to reconsider is not a vehicle permitting the unsuccessful party to "rehash" arguments previously presented, or to present "contentions which might have been raised prior to the challenged judgment." <u>Costello v. United States</u>, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991); <u>see also</u> <u>F.D.I.C. v. Meyer</u>, 781 F.2d 1260, 1268 (7th Cir. 1986); <u>Keyes v. National R.R. Passenger Corp.</u>, 766 F. Supp. 277, 280 (E.D. Pa. 1991).  These holdings "reflect[] district courts' concerns for preserving dwindling resources and promoting judicial efficiency."  <u>Costello</u>, 765 F. Supp. at 1009.

Federal Rule of Civil Procedure 59(b) requires that "any motion for new trial shall be filed no later than 10 days after entry of the judgment."  In this case, plaintiff's motion

2

1  was filed over two years from the entry of the dismissal order
2  and judgment.  Plaintiff claims Ngo v. Woodford, 403 F.3d 620
3  (9th Cir. 2005) provides new controlling authority, but he fails
4  to explain why he waited over seven months after Ngo was decided
5  to seek reconsideration.  Plaintiff's motion must, therefore, be
6  denied.
7          Accordingly, IT IS HEREBY ORDERED that plaintiff's
8  November 3, 2005, motion for reconsideration is denied.
9  DATED:  November 7, 2005

                                    /s/ Garland E. Burrell, Jr.
                                    GARLAND E. BURRELL, JR.
                                    United States District Judge